UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| LINDA J. NORWOOD, as Conservator for TERRY A. PATTEN, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:09-CV-292 ) ) Chief Judge Curtis L. Collier |
| BANK OF AMERICA, N.A., | ) ) |
| Defendant. | ) |

## MEMORANDUM

Before the Court are three motions, all brought by Defendant Bank of America, N.A. ("Defendant").

The first motion is a motion to dismiss (Court File No. 19). Plaintiff Linda J. Norwood, as conservator for Terry. A Patten ("Plaintiff"), filed a response to this motion (Court File No. 24). The parties also filed a stipulation agreeing to the dismissal of some but not all of the claims disputed in Defendant's motion to dismiss (Court File No. 26). For the following reasons, the Court will **DENY WITHOUT PREJUDICE** Defendant's motion to dismiss (Court File No. 19). In light of the joint stipulation (Court File No. 26), however, the Court will **DISMISS** the claims found in counts III and V of the complaint.

Defendant's second motion is a motion to transfer this case to the United States Bankruptcy Court for the Eastern District of Tennessee (Court File No. 27). Plaintiff filed a response (Court File No. 29) and Defendant replied (Court File No. 30). For the following reasons, the Court will **GRANT** Defendant's motion to transfer this case to the Bankruptcy Court.

Defendant's third motion, jointly filed by Plaintiff, is a motion to extend the time to amend the pleadings and join additional parties (Court File No. 31). The parties seek an additional fourteen

days from the Court's ruling on the above-referenced motion to transfer. Because the Court's decision to transfer this case renders this issue moot, the Court will deny the jointly-filed motion to extend time to amend the pleadings (Court File No. 31).

**I.     INTRODUCTION**

This case concerns Defendant's right to proceeds generated from the sale of real property previously owned by Terry A. Patten. Until recently, Defendant maintained an interest in the property under a deed of trust executed by Ms. Patten's purported attorney-in-fact, George Zeboim Patten, Jr., as part of a home equity line of credit opened in Terry Patten's name. After the sale, the Hamilton County Chancery Court ordered that Defendant's interest, if any, now attaches to the proceeds of that sale. Plaintiff brought this action seeking a declaratory judgment that Defendant has no interest in those proceeds, because the deed of trust was executed under an invalid power of attorney. The power of attorney was invalid, according to Plaintiff, because Terry Patten lacked the requisite mental capacity to execute it and because it was the product of undue influence.

Defendant filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), arguing Plaintiff fails to state a claim upon which relief can be granted. Specifically, Defendant argues the complaint should be dismissed because 1) Defendant relied upon George Patten's purported power of attorney in good faith and 2) Terry Patten cloaked George Patten with apparent agency to execute the deed of trust. In other words, Defendant asserts that it is entitled to the proceeds of the sale as a matter of law, because it relied in good faith on either actual or apparent authority. Plaintiff responds Defendant's motion should be denied because both of Defendant's arguments require consideration of evidence not in the record and consideration of such facts would be inappropriate in a motion to dismiss.

Plaintiff also disputes the merits of Defendant's legal arguments. Because the Court agrees the motion is procedurally improper, the Court will deny Defendant's motion without prejudice and take no position on the merits of Defendant's legal arguments.

Defendant also filed a motion to transfer this case to the Bankruptcy Court. Plaintiff does not actively oppose this motion, but does suggest there is doubt whether the Bankruptcy Court has jurisdiction that would allow it to hear this case. Because the Court concludes the Bankruptcy Court may assert jurisdiction over this case, and because a transfer would promote judicial economy, the Court will grant the motion to transfer.

## II. FACTS

In early 2007, Terry Patten was diagnosed with frontotemporal dementia. Her condition was such that at the time of the diagnosis, Terry Patten was unable to complete neuropsychological testing because she could not comprehend or follow the instructions for the tests. As a consequence of this disease, by October 2007, Terry Patten was attending an outpatient care facility specializing in Alzheimer's Disease every week day.

In or around November 2007, George Patten, Terry Patten's half-brother, contacted attorney Alan Cates at a law firm located in Chattanooga, Tennessee, and asked him to prepare a durable power of attorney for Terry Patten to sign and in which George Patten would be named Terry Patten's attorney-in-fact. This durable power of attorney was later executed on November 13, 2007.

On June 2, 2008, George Patten and Defendant executed a deed of trust on real property owned by Terry Patten, as part of a $236,000 line of credit taken out in Terry Patten's name. By

June 6, 2008, the entire amount available under the line of credit had been advanced. The line of credit currently has an outstanding balance of $243,695.12.

On October 15, 2009, the Chancery Court of Hamilton County, Tennessee, issued an Order for Immediate Writ of Attachment, which deemed released the deed of trust on Terry Patten's property and allowed Plaintiff, as conservator for Terry Patten, to sale the property free and clear of Defendant's interest. The sale generated $248,695.12, which represents $243,695.12 allegedly owed to Defendant and $5,000 for interest and attorney's fees. Pursuant to the chancery court's order, the proceeds of that sale were then deposited with the Clerk & Master of the chancery court, and Defendant's interest, if any, attached to the proceeds of that sale. The chancery court scheduled the case for hearing, but Defendant removed this action to federal court under diversity of citizenship jurisdiction.

In addition, before this action was filed in state court, Terry Patten's alleged attorney-in-fact, George Patten, filed a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Tennessee, Southern Division. In the bankruptcy proceeding, both Terry Patten and Defendant have filed an adversary proceeding against George Patten. Terry Patten seeks recovery for all funds of hers that George Patten used for any purpose other than for her exclusive benefit while acting as her attorney-in-fact. Terry Patten's claim includes any liability she is found to have to Defendant for the loan that is at the heart of this case. Defendant's adversary proceeding seeks recovery for the loan purportedly made to Terry Patten, should Terry Patten be found not liable on the loan.

### III. MOTION TO DISMISS

Plaintiff seeks a declaratory judgment stating Terry Patten is not bound by Defendant's deed of trust, because it was executed subject to an invalid power of attorney. Defendant concedes for the purposes of this motion that the power of attorney was invalid. Nevertheless, Defendant argues Terry Patten is bound by the deed of trust because 1) Defendant relied in good faith on George Patten's authority as attorney-in-fact and 2) because Defendant relied in good faith on George Patten's apparent authority to act on behalf of Terry Patten. Plaintiff responds Defendant's motion is premature, because Defendant's assertions of good faith reliance and apparent agency raise factual questions that cannot be resolved in a motion to dismiss. The Court agrees.

When reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998), accept the complaint's factual allegations as true, *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994), and determine whether plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (May 21, 2007). In deciding a motion to dismiss, the question is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). At the same time, bare assertions of legal conclusions are insufficient, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Unsupported allegations and legal conclusions "masquerading as factual conclusions" are not sufficient. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

"When reviewing a motion to dismiss, the district court may not consider matters beyond the complaint." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009) (citing *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir.2008)). "If the district court does consider evidence outside the complaint, 'it effectively converts the motion to dismiss to a motion for summary judgment.'" *Id.* (quoting *Winget*, 537 F.3d at 576); *see also Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001). Although a district court has the discretion to convert a motion to dismiss into a motion for summary judgment, before such a conversion, the district court "must give the parties a reasonable opportunity to present all material made pertinent to the issue, which requires sufficient notice and an opportunity for further discovery." *Friends of Tims Ford v. Tennessee Valley Authority*, 585 F.3d 955, 965 (6th Cir. 2009) (citing *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004)) (quotations omitted).

Both of Defendant's theories–that it relied in good faith on George Patten's authority as attorney-in-fact and that it relied in good faith on George Patten's apparent authority created by the invalid power of attorney–require the factual finding of good faith reliance. *See Boren v. Weeks*, 251 S.W.3d 426, 432-33 (Tenn. 2008) (stating a finding of apparent agency requires third-party to show "good faith belief that apparent agent possessed such authority" and "the third person relied on this apparent authority to his or her detriment").

Under either argument, Defendant need not go outside the pleadings to establish Defendant relied upon the power of attorney in making the loan and executing the deed of trust. Plaintiff alleges this much in the complaint: "On or prior to June 2, 2008, Mr. Patten, as Ms. Patten's purported attorney-in-act [sic], arranged for a $236,000 line of credit in Ms. Patten's name from the Bank. As part of the transaction relating to the line of credit, Mr. Patten executed, among other

documents, a document titled 'Open-Ended Deed of Trust.'" (Compl. ¶¶ 38, 39). In other words, Plaintiff herself alleges the line of credit and deed of trust were established by George Patten "as Ms. Patten's purported attorney-in-fact."

Defendant cannot, however, establish good faith without going outside the complaint. A finding of good faith reliance requires analysis of what Defendant, "exercising reasonable care and prudence, was justified in believing . . . under the circumstances." *Boren*, 251 S.W.3d at 433. In other words, the defense of good faith reliance requires adjudication of facts that Plaintiff did not need to allege when filing her complaint. For example, Plaintiff notes she never alleged Defendant ever actually saw the document instituting the power of attorney when it made the loans. In addition, Defendant did not attach an affidavit or other proof that establish Defendant took any steps to make itself familiar with the scope of George Patten's purported authority when it made the loan. Thus, there is nothing in the pleadings, other than Defendant's bare assertion found in its motion to dismiss, that any reliance on George Patten's actual or apparent agency was in good faith.

The principal defect in Defendant's motion is that it seeks an affirmative judgment that it is entitled to the proceeds from the sale under the guise of a motion to dismiss. Under Tennessee law, the party alleging an agency relationship–whether actual or apparent–bears the burden of showing that agency relationship exists. *See Watson v. McCabe*, 527 F.2d 286, 289 (6th Cir. 1975); *Jack Daniel Distillery, Lem Motlow, Prop. v. Jackson*, 740 S.W.2d 413, 416 (Tenn. 1987); *Cobble v. Langford*, 230 S.W.2d 194, 197 (Tenn. 1950); *Southland Express, Inc. v. Scrap Metal Buyers of Tampa, Inc.*, 895 S.W.2d 335, 340 (Tenn. Ct. App. 1994); *John J. Heirigs Constr. Co. v. Exide*, 709 S.W.2d 604, 608 (Tenn. Ct. App. 1986); *Sloan v. Hall*, 673 S.W.2d 548, 551 (Tenn. Ct. App. 1984). Here, Defendant is the party alleging Terry Patten, as principal, is bound by the actions of her

7

purported attorney-in-fact. As such, Defendant bears the burden of proof that such an agency relationship existed. *See Eaton v. Eaton*, 83 S.W.3d 131, 134-35 (Tenn. Ct. App. 2001) (stating the relationship between principal and attorney-in-fact is subject to the general laws of agency). Despite this burden, Defendant seeks judgment in its favor without offering any evidence to support a finding that a valid agency relationship existed that would allow Defendant to bind Terry Patten to an agreement entered into by George Patten.

If Defendant had supported these assertions, reaching beyond the face of the complaint would have converted this motion into a motion for summary judgment. *See Hensley Mfg.*, 579 F.3d at 613. And, because discovery had not even begun when the motion to dismiss was filed, a motion for summary judgment at this juncture would be premature. Plaintiff is entitled to discovery on the questions relating to good faith and any other defenses raised by Defendant before the Court resolves the parties rights on summary judgment. *See Friends of Tims Ford*, 585 F.3d at 965. Therefore, Defendant's motion is premature and will be denied without prejudice.

**IV.    MOTION TO TRANSFER**

Defendant requests that this case be transferred to the Bankruptcy Court so that it may be adjudicated jointly with Plaintiff's and Defendant's adversary proceedings against George Patten. Plaintiff does not actively oppose this motion; rather, Plaintiff merely suggests doubt over whether the Bankruptcy Court may assert jurisdiction over this case. Because the Court concludes the Bankruptcy Court may assert jurisdiction, the motion to transfer will be granted.

Defendant argues the Bankruptcy Court has "related to" jurisdiction over this case, because a decision in favor of Plaintiff would require Defendant to seek recovery of the dispersed loan

proceeds directly from the bankruptcy debtor/alleged attorney-in-fact, George Patten. In this way, Defendant argues a Plaintiff-favorable verdict would diminish Mr. Patten's assets, and thus it is conceivable that this litigation would have an affect on the estate.

Under 28 U.S.C. § 1334(a), district courts have original and exclusive jurisdiction "of all cases under title 11," which means the actual bankruptcy case commenced by the filing of a petition under 11 U.S.C. §§ 301, 302, or 303. *See* 28 U.S.C. § 1334(a); *Robinson v. Michigan Consolidated Gas Co., Inc.*, 918 F.2d 579 (6th Cir. 1990). Under 28 U.S.C. § 1334(b), district courts have original, but not exclusive, jurisdiction of "all civil proceedings arising under title 11, or arising in or related to cases under title 11." This jurisdiction is shared with the bankruptcy courts. *See* 28 U.S.C. § 1334(b); *Browning v. Levy*, 283 F.3d 761, 772-73 (6th Cir. 2002).

Proceedings "related to" a bankruptcy case include "(1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541, and (2) suits between third parties which have an effect on the bankruptcy estate." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.5 (1995). The standard for determining "related to" jurisdiction is "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Dow Corning Corp.*, 86 F.3d 482, 489 (6th Cir. 1996) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)); *see also Celotex*, 514 U.S. at 307-08 (citing *Pacor* standard). For an action to be related to a bankruptcy proceeding, it need not necessarily be against the debtor or against the debtor's property. *Dow Corning Corp.*, 86 F.3d at 489. "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.*

9

Nonetheless, "the mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of section [1334(b)]." *Id.* Jurisdiction does not exist absent "some nexus between the 'related' civil proceeding and the title 11 case." *Id.*; *see also In re Salem Mortgage Co.*, 783 F.2d 626, 634 (6th Cir. 1986) ("[S]ituations may arise where an extremely tenuous connection to the estate would not satisfy the jurisdictional requirement.").

In *Dow Corning*, plaintiffs filed claims against multiple manufacturers and suppliers of silicone breast implants. The Sixth Circuit held those claims were related to the bankruptcy of Dow Corning Corporation because the claims could give rise to contingent claims of indemnification and contribution by the nondebtor defendants against Dow Corning. 86 F.3d at 494. "Claims for indemnification and contribution, whether asserted against or by Dow Corning, obviously would affect the size of the estate and the length of time the bankruptcy proceedings will be pending, as well as Dow Corning's ability to resolve its liabilities and proceed with reorganization." *Id.* Thus, the "potential for Dow Corning's being held liable to the nondebtors in claims for contribution and indemnification . . . suffices to establish a conceivable impact on the estate in bankruptcy." *Id.*

In this case, Defendant's contingent claim against Mr. Patten is sufficient to invoke the Bankruptcy Court's "related to" jurisdiction. Not only is it "conceivable" that the result of this case could "have any effect on the estate being administered in bankruptcy," *see Dow Corning Corp.*, 86 F.3d at 489, the result of this case is certain to affect the estate. Defendant has already filed an adversary proceeding against George Patten in the Bankruptcy Court, seeking recovery for the same funds that are also in dispute in this case. Regardless of whether Defendant wins or loses in this

litigation, the result of this litigation will affect the viability of Defendant's adversary proceeding against Mr. Patten's estate.

For example, if this Court ultimately rules in favor of Defendant, then Defendant's claim against Mr. Patten in the bankruptcy court would be extinguished, because Defendant is not entitled to recover twice on the same debt. *See Omega Tool Corp. v. Alix Partners, LLP*, 416 B.R. 315, 320 (E.D. Mich. 2009) ("It is well-established that a claimant cannot receive a double recovery for the same injury.") Thus, a Defendant-favorable outcome in this case would directly affect Mr. Patten's bankruptcy estate, by removing one of the potential obligations. *See id.* (holding litigation "could conceivably have an effect" on debtor's estate, where a decision in favor of the plaintiff over a nondebtor defendant would extinguish plaintiff's ability to recover from debtor in bankruptcy action, in light of principles baring double recovery).

Likewise, should this Court rule in favor of Plaintiff, then Defendant would be able to maintain its claim against Mr. Patten's estate to recover the proceeds of the loan executed by Mr. Patten. In other words, similar to *Dow Corning*, a Plaintiff-favorable verdict would give rise to a contingent claim against the debtor. *See* 86 F.3d at 494. It is true that in such an event, Mr. Patten would not be bound by the outcome of this litigation, and the issue of whether Mr. Patten was acting as Terry Patten's attorney-in-fact would have to be relitigated. This does not mean, however, such a result in this case would not affect Mr. Patten's estate. As the Sixth Circuit explained, "automatic liability is not necessarily a prerequisite for a finding of 'related to' jurisdiction." *Id.* at 491. That it is conceivable that Defendant could prevail on such a claim is sufficient to establish jurisdiction. *See id.*

Moreover, Terry Patten has also filed an adversary proceeding against Mr. Patten's estate, seeking to recover all funds that Mr. Patten is found to have used for any purpose other than for her exclusive benefit while acting as her attorney-in-fact. In her response to Defendant's motion, Plaintiff emphasizes that this claim includes more than the money at issue in this litigation, and it will persist regardless of the outcome of this case (Court File No. 29). It is clear, however, that the result of this litigation will affect the magnitude of Terry Patten's claim in the bankruptcy proceeding. For example, a decision in favor of Plaintiff in this litigation would diminish the possible extent of the claim in the bankruptcy case, and, conversely, a decision against Plaintiff here, would increase its extent there. That the outcome of this case will affect the extent of a claim in the bankruptcy proceeding is sufficient to invoke "related to" jurisdiction. *See In re Celotex Corp.*, 124 F.3d 619, 626 (4th Cir. 1997) (holding a contribution action to which the debtor was not a party was "related to" the debtor's bankruptcy because any recovery by the plaintiff, who was jointly and severally liable with the debtor, "would reduce [the plaintiff's] claim against the Celotex bankruptcy estate for contribution by the same amount, thus altering the liabilities of the Celotex bankruptcy estate").

Therefore, the Court concludes this dispute is intertwined with the estate of George Patten such that the bankruptcy court may properly asserted "related to" jurisdiction over this case. Because it promotes judicial economy by allowing a single trier of fact to determine whether Mr. Patten was acting as attorney-in-fact for Terry Patten when he borrowed the line of credit from Defendant in her name, the Court will grant Defendant's motion to transfer this case to the Bankruptcy Court.

## V. CONCLUSION

For the above reasons, Defendant's motion to dismiss (Court File No. 19) will be **DENIED WITHOUT PREJUDICE** to it's right to reassert these arguments after appropriate discovery. In addition, the parties' jointly filed motion to dismiss the claims found under counts III and V of the complaint (Court File No. 26) will be **GRANTED** and those claims will be **DISMISSED**. Finally, Defendant's motion to transfer this case to the Bankruptcy Court (Court File No. 27) will be **GRANTED** and this case will be **TRANSFERRED** to the United States Bankruptcy Court for the Eastern District of Tennessee, Southern Division.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**